UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-99-KSF

ROY FITZGERALD HARRIS                                                                PETITIONER

v.                                     **OPINION & ORDER**

JAMES SWEATT, WARDEN                                                       RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On April 6, 2007, the petitioner Roy Fitzgerald Harris, by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1]. The respondent, Warden James Sweatt, filed his response and motion to dismiss, or in the alternative, motion for summary judgment, on August 17, 2007. [DE ## 9 and 10] Consistent with local practice, this matter was referred to the Hon. James B. Todd, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

On February 15, 2008, the Magistrate Judge filed his proposed findings of fact and recommendation, recommending that, based on a review of the state court record and the applicable case law, the petition be dismissed. [DE # 18] On February 29, 2008, Harris filed objections to the Magistrate Judge's proposed findings of fact and recommendation. [DE # 19] As a result, this matter is now ripe for review.

I.       FACTUAL AND PROCEDURAL BACKGROUND

Harris was convicted in Fayette Circuit Court on June 20, 2001 of two counts of Sexual Abuse First Degree Robbery and PFO Second Degree. He was sentenced to five (5) years imprisonment on each Sexual Abuse First Degree charge, enhanced to concurrent, 10-year sentences, by reason of the PFO Second Degree conviction, for a total sentence of ten (10) years. Harris

1

appealed his conviction to the Kentucky Court of Appeals, which affirmed his conviction on May 31, 2002. A subsequent motion to vacate his conviction and sentence pursuant to RCr 11.42 was denied on December 6, 2004. Harris appealed this denial to the Kentucky Court of Appeals. In an opinion rendered on February 17, 2006, the appellate court affirmed the trial court's denial of his RCr 11.42 motion.

Then, on April 6, 2007, Harris filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, Harris alleges: (1) that he received ineffective assistance of counsel at trial when his counsel (a) failed to object to the prosecutor improperly vouching during closing argument concerning the credibility of D.E., the non-testifying complaining witness, and (b) failed to object to the improper bolstering of D.E. by Dr. Janice Kregor, an examining physician who was a prosecution witness; and (2) that he was denied a fair trial, in violation of the Fourteenth Amendment, as a result of the extensive opinion testimony by an unqualified expert, Virginia Luftman, a psychotherapist, who testified that D.E. had exhibited symptoms of sexual abuse.

The respondent, Warden James Sweatt, filed his response to the petition for writ of habeas corpus on August 17, 2007. [DE # 9] Warden Sweatt argues that Harris' claims are without merit and that the petition should be dismissed. This matter was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

## II.     THE MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATION

In his proposed findings of fact and recommendation, the Magistrate Judge first sets out the appropriate standard of review; namely that the Court should review Harris' claims with respect to

the Kentucky Court of Appeals decisions on direct appeal and in denying Harris' RCr 11.42 motion to vacate to determine if either of those adjudications:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Magistrate Judge then turned to Harris' substantive claims. First, the Magistrate Judge considered Harris' claim that the trial court erred in allowing Luftman to testify concerning certain statements D.E. made to her during the course of her sessions with him. According to Harris, Luftman, who is not a medical doctor, is not within the scope of those physicians who are allowed to testify as to statements made by their patients. The Magistrate Judge reviewed the state court record, including the pre-trial hearing at which Luftman testified, and the applicable case law, and determined that the trial court committed no error in allowing Luftman to testify concerning the statements made to her by D.E. and his mother.

Next, the Magistrate Judge considered Harris' claim of ineffective assistance of counsel. Applying the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), the Magistrate Judge found that the Kentucky courts correctly concluded that Harris was not entitled to relief on this issue. Specifically, with respect to Harris' claim that his counsel was ineffective for not objecting to the prosecutor's vouching during closing argument as to the credibility of D.E., the victim and non-testifying complaining witness, the Magistrate Judge concluded that these comments were simply reasonable inferences, comment or argument based on the evidence presented at trial and were not

3

improper vouching.

The Magistrate Judge then considered Harris' claim that his counsel was ineffective when he failed to object to the following portion of Dr. Kregor's testimony in response to a question: "In his interview [D.E.] didn't tell me a whole lot. A normal physical exam doesn't rule out sexual abuse. I don't know how much to say about what I found from other interviews or other information. I don't want to go there." According to Harris, these "other interviews or other information" were outside the record and led jurors to believe that D.E.'s hearsay statements were corroborated by unnamed sources. However, reviewing the record, the Magistrate Judge determined that the prosecution simply asked a legitimate question and made no suggestion that there was evidence outside the courtroom upon which the doctor should comment. According to the Magistrate Judge, the fact that the doctor may have "other interviews or other information" did not adversely affect Harris or his right to a fair trial.

For these reasons, the Magistrate Judge entered his proposed findings of fact and recommendation that Harris' petition for writ of habeas corpus be denied. Harris, however, has filed timely objections to the Magistrate Judge's findings. The Court will conduct a *de novo* review of the portions of the Magistrate Judge's findings to which Harris has made objections.

### III.   *DE NOVO* REVIEW OF HARRIS' OBJECTIONS

For his first objection, Harris contends that the Magistrate Judge erred in failing to consider whether Luftman's "extensive incompetent opinion testimony that [the] child exhibited symptoms of sexual abuse" so infected the trial as to deny Harris a fair trial in violation of his Fourteenth Amendment rights. However, from this court's review of the state court record, it is clear that Harris failed to argue in the state courts that Luftman testified as an unqualified expert witness and offered

her opinion that sexual abuse occurred.  Rather, the issue presented to the state courts was whether the hearsay exception in KRE 803(4) for statements made for purposes of medical treatment or diagnosis applied to Luftman's testimony relating to statements that D.E. made during the course of her counseling about the alleged sexual abuse.  Since Harris failed to raise the issue in the state courts of whether Luftman should be allowed to and was qualified to testify as an expert witness and offer an opinion about whether D.E. was sexually abused, Harris has waived this argument.  *See* 28 U.S.C. § 2254(b)(1)(A).

Moreover, in his objections, Harris notes that he is not claiming that the admission of Luftman's testimony concerning the hearsay statements made to her by D.E. violated his federal due process rights.  By failing to file any objections to the Magistrate Judge's findings of fact and recommendation that the trial court committed no error (either as a matter of federal law of Kentucky state law) in admitting the testimony of Luftman concerning the hearsay statements made by D.E. during her counseling, Harris has waived further review of this issue.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1994), *affirmed* 474 U.S. 140 (1985); *Wright v. Holbrook*, 794 F.2d 1152 (6th Cir. 1986).

Next, Harris argues that the Magistrate Judge improperly rejected his ineffective assistance of counsel claim based on counsel's failure to object to improper vouching by the prosecutor of the credibility of D.E. during closing argument.  However, as noted by the Magistrate Judge, the state courts addressed and properly rejected Harris' argument based on Kentucky law.  Under Kentucky law, a prosecutor is entitled to ". . . draw reasonable inferences from the evidence, to make reasonable comment upon the evidence and to make reasonable argument in response to matters brought up by the defendant."  *Hunt v. Commonwealth*, 466 S.W.2d 957, 959 (Ky. 1971).   This

Court agrees that the prosecutor's statements amount to no more than reasonable inferences, comments or argument based on the evidence presented at trial and were not improper vouching under Kentucky law. Harris has failed to establish that this ruling is contrary to or an unreasonable application of clearly established federal law. Thus, the Magistrate Judge did not err in rejecting this claim.

Finally, Harris argues that the Magistrate Judge improperly concluded that his counsel was not ineffective for failing to object to the improper bolstering by Dr. Kregor, an examining physician who was a prosecution witness. The Magistrate Judge reviewed the Kentucky courts' analysis of this issue and agreed that the prosecutor simply asked a legitimate question involving the relationship between the history given by D.E. and Dr. Kregor's physical findings. The Magistrate Judge concluded that the doctor's single, isolated statement could not have impacted the jury. The Court agrees with the conclusion of the Magistrate Judge, and therefore, in the absence of any federal or state law mandating a different result, Harris' objections on this issue will be overruled..

Having considered petitioner's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation. Therefore, Petitioner's objections will be overruled.

In determining whether a certificate of appealability should issue as to the petitioner's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484.  In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable."  Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's proposed findings of fact and recommendation [DE #18] is ADOPTED as and for the opinion of the Court;

(2) the respondents' motion to dismiss [DE #10] is GRANTED;

(3) the petitioner's objections [DE #19] are OVERRULED;

(4) petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE;

(5) a certificate of appealability SHALL NOT issue; and

(6) judgment will be entered contemporaneously with this order.

This March 12, 2008.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge